UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

THOMAS WILLIAM SMITH, JR.,
        Plaintiff,

v.                                                                                    07-1335

RICHARD S. BIRKEY, et al.,
        Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the court are the defendants's summary judgment motion [47], the plaintiff's response [67] and the defendants' reply [69]. The defendants, RICHARD BIRKEY, BRUCE FISHER, CHARLOTTE GORDON, RICHARD HEITZ, EDWARD HUGGINS, DONALD HULICK, and AUSTIN RANDOLPH move for summary judgment pursuant to Federal Rules of Civil Procedure Rule 56(b).

**Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment …. Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at

1

trial." *Filipovic v. K&R Express Systems, Inc*., 176 F.3d 390, 390 (7th Cir. 1999). Failure by the non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## Introduction

The plaintiff, Thomas Smith is currently incarcerated at Illinois River Correctional Center. On December 10, 2007, Plaintiff filed a 42 U.S.C. §1983 complaint alleging a violation of his due process rights. Specifically, Plaintiff claims he was issued a false inmate disciplinary report on February 15, 2006. At the February 21, 2006 Adjustment Committee hearing on Plaintiff's inmate disciplinary report, he received 10 days segregation and 30 days C Grade status. The Adjustment Committee reduced the charges against Plaintiff based on the hearing. Plaintiff did not lose any good conduct credits. Defendants deny that Plaintiff's due process rights were violated because he had no liberty interest in his placement in segregation or grade status.

## Undisputed Material Facts[1]

1. Plaintiff has been incarcerated in the Illinois Department of Corrections since 1980. (Exhibit A, Thomas Smith Deposition, p. 5, lines 5-9). Plaintiff is currently incarcerated at Illinois River Correctional Center. (Exhibit A, p. 5, lines 12-14).
2. Donald Hulick was the Warden at Illinois River Correctional Center in February 2006. (Complaint, p. 1).
3. Austin J. Randolph, Jr., replaced Defendant Hulick as warden of Illinois River Correctional Center sometime after February 2006. (Exhibit A, p. 24, lines 7-9).
4. Richard Birkey was Assistant Warden at Illinois River Correctional Center for the times alleged in Plaintiff's complaint. (Exhibit A, pp. 7-8).
5. Richard Heitz was a Lieutenant at Illinois River Correctional Center for the times alleged in Plaintiff's compliant. (Exhibit A, p. 20).

---

[1]Plaintiff's response also includes sections titled L.R.7.1(c) Argument of Richard L. Heitz, Charlotte Gordon, Bruce Fisher, Donald Hulick, Edward Huggins, Austin S. Randolph, Richard S. Birkey. These sections appear to be the plaintiff's additional undisputed facts. However, These facts are immaterial and do not support Plaintiff's claims of due process violations as they do not show any liberty interest Plaintiff may have had in avoiding segregation or his grade. In addition, many of Plaintiff's additional material facts are legal conclusions rather than factual allegations.

2

6. Edward Huggins was a Grievance Officer at Illinois River Correctional Center. (Exhibit A, p. 17, lines 11-12). Plaintiff is suing Defendant Huggins because he denied Plaintiff's grievance. (Exhibit A, p. 17, lines 11-15).
7. Charlotte Gordon was an Adjustment Committee Member at Illinois River Correctional Center for the times alleged in Plaintiff's complaint. (Exhibit A, p. 18, lines 17-21).
8. Bruce Fischer was an Adjustment Committee Member at Illinois River Correctional Center for the times alleged in Plaintiff's complaint. (Exhibit A, p. 21, lines 14-16).
9. Plaintiff received an inmate disciplinary report at his cell on February 15, 2006 that was written by Defendant Heitz. (Exhibit A, p. 7, lines 1-11).
10. Defendant Birkey was present on February 15, 2006 when the inmate disciplinary report was written. (Exhibit A, p. 7, lines 1-9).
11. The inmate disciplinary report charged Plaintiff with intimidation and threats. (Exhibit A, p. 8, lines 11-12).
12. After Plaintiff received the inmate disciplinary report, he was taken to segregation for 10 days. (Exhibit A, p. 9, lines 7-10).
13. On February 21, 2006, Plaintiff participated in an Adjustment Committee hearing regarding the February 15, 2006 Inmate Disciplinary Report. (Exhibit A, pp. 9-10).
14. Defendants Fisher and Gordon were the Adjustment Committee Chairpersons n February 21, 2006. (Exhibit A, p. 10, lines 10-11).
15. Plaintiff was found not guilty of intimidation or threats. The charges were reduce to violation of Rules - Inmate Handbook Rule #54 - refusing housing. (Exhibit 3, attached to Complaint [1].) The plaintiff received 10 days segregation and 30 days C grade. (*Id.* and Exhibit A, p. 11, lines 3-9).
16. Defendant Huggins recommended Plaintiff's grievance #06-0314 be denied on April 27, 2008. (Complaint, Exhibit E).
17. Plaintiff appealed his grievance regarding his inmate disciplinary report and Adjustment Committee hearing to the Administrative Review Board ("ARB"). (Exhibit A, p. 13, lines 11-14).
18. Defendant Benton expunged the inmate disciplinary report. (Exhibit A, p. 14, lines 1-2).

**Discussion and Conclusion**

Plaintiff alleges Defendants violated his right to due process issuing him a false disciplinary report that was later expunged by the ARB. (Exhibit A, p. 26). Plaintiff also feels that his due process rights were violated when he was found guilty of a reduced charge of a violation of Inmate Handbook Rule #54 by the Adjustment Committee. (Complaint, p. 7, Exhibit A, p. 26). Prior to the expungement of inmate disciplinary report, Plaintiff received discipline in the form of 10 days in segregation and 30 days of C grade status. (Exhibit A, p. 10-11). Questions of due process do not arise until a protected liberty or property interest has been interfered with by the State. *Kentucky Department of Corrections v. Thompson*, 109 S.Ct. 1904, 1908 (1989). Many of the penalties imposed after prison disciplinary hearings do not implicate such interests. *See Sandin v. Conner*, 115 S.Ct. 2293, 2301 (1995)(Finding no liberty interest in avoiding segregation absent a showing of a significant deprivation atypical of prison life); *Whitford v. Boglino*, 63 F.3d 527, 533 n.7 (7th Cir. 1995)(Demotion in grade status does

3

not implicate federal due process rights). Plaintiff alleges that as a result of the February 15, 2006 inmate disciplinary report and the February 21, 2006 Adjustment Committee hearing that he received 10 days in segregation and 30 days C grade status. Neither of the discipline imposed upon Plaintiff affects a protected liberty interest. Plaintiff did not lose good time credits, therefore, Plaintiff does not have a due process claim because there was no interference with a protected liberty interest, namely, good conduct credits. Therefore, Plaintiff's Complaint as it relates to due process violations by Defendants should be dismissed. Pursuant to Fed. R. Civ. Pro. Rule 56(c), the defendants are entitled to summary judgment as a matter of law.

Further, in the court's merit review order, the court noted the following:

> On February 15, 2006, the plaintiff was written a disciplinary ticket for refusing a cell assignment. A hearing was had before the institution adjustment committee and the plaintiff was found guilty and given segregation time and loss of commissary privileges[2] and grade for the same period of time. Smith's complaint is that the committee, after the hearing, reduced the charge against him and found him guilty without notice or hearing on the reduced charge. He appealed to the Administrative Review Board in Springfield and that board expunged the ticket and restored Smith to general population status. The court will allow the case to go forward on the claim of denial of due process but warned Smith that he may have received all the process that was due. It is difficult to tell at this point when all the court has before it are the plaintiff's filings.

The plaintiff was warned that the court doubted there was a valid due process claim and that it appeared likely that he received the process that was due when the ARB expunged the ticket and returned him to general population status. After allowing the plaintiff to proceed and even allowing the plaintiff to go through discovery, the court has reached the same conclusion -- that Plaintiff had received all the due process that was due, prior to filing this lawsuit. *See Morrissette v. Peters*, 45 F.3d 1119, 1122 (7th Cir. 1995)(There is no denial of due process if the error the inmate complains of is corrected in the administrative appeal process. The administrative review process is part of the due process afforded prisoners.) After an administrative review of the plaintiff's disciplinary ticket, the ticket was expunged. As a result, the court finds the plaintiff failed to state a claim upon which relief may be granted and summary judgment must be granted.

It is therefore ordered:

1. The defendant's motion for summary judgment is granted [47]. The clerk of the court is directed to enter judgment in favor of the defendant and against the plaintiff. All pending

---

[2]Plaintiff has no constitutional right to commissary privileges.

4

motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

2..  If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

Enter this 2nd day of November, 2009.

**s/Harold A. Baker**
Harold A. Baker
United States District Judge